# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| CEDRIC TAYLOR, individually and on behalf of all similarly situated persons, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| QUALITY LIVING SERVICES, INC., QLS GARDENS FACILITY, INC., QLS GARDENS, INC., QLS HAVEN LTD., QLS VILLAS, INC., QLS ACRES, INC. d/b/a QLS Meadows, and IRENE RICHARDSON, | ) ) ) ) ) ) ) | Case No. 1:14-cv-01156-AT |
| Defendants. | ) ) ) ) | |

## JOINT MOTION FOR APPROVAL OF
## SETTLEMENT AGREEMENT AND GENERAL RELEASE

Plaintiff Cedric Taylor ("Plaintiff" or "Taylor") and Defendants Quality

Living Services, Inc., QLS Gardens Facility, Inc., QLS Gardens, Inc., QLS

Haven Ltd., QLS Villas, Inc., QLS Acres, Inc. d/b/a QLS Meadows, and Irene

Richardson (collectively "QLS" or "Defendants") (collectively with Plaintiff the

"Parties") hereby file this Joint Motion for Approval of Settlement Agreement

and General Release ("Settlement Agreement") of Plaintiff's claims under the

Fair Labor Standards Act ("FLSA").  Upon review of the proposed settlement for fairness pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982), the Parties request the Court enter an order approving the settlement, after which the Parties shall file a stipulation of dismissal with prejudice.  As discussed below, the proposed settlement is a reasonable compromise of Plaintiff's claims and furthers implementation of the FLSA in Defendants' workplace.  *See Dees v. Hydrady, Inc.,* No. 8:09-cv-1405-T-23TBM, 2010 WL 1539813, at *5 (M.D. Fla. Apr. 19, 2010).  A copy of the Parties' proposed Settlement Agreement has been submitted directly to chambers for the Court's consideration as further explained below.

### *The Settlement is Fair and Reasonable*

Plaintiff's Complaint alleges claims arising under the FLSA, 29 U.S.C. § 201 *et seq*.; the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq*. ("FMLA"); and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq*. (collectively, "the Litigation").  QLS has denied the validity of Plaintiff's claims; however, in the interest of preventing further litigation expenses, QLS has reached an agreement with Plaintiff to resolve all claims in this case.

Because this case involves claims under the FLSA, the Parties respectfully seek Court approval of their Settlement Agreement and the entry

2

of an order if the Court approves the settlement. *Lynn's Food Stores, Inc. v. United States of Am.*, 679 F.2d 1350, 1353 (11th Cir. 1982). However, the FLSA claims in this case is one of three claims asserted by Plaintiff, representing a small portion of the settlement reached by the Parties. Once the Court approves the Settlement Agreement, the Parties will file a Stipulation of Dismissal of this case with prejudice.

The settlement was reached through arm's length negotiation, in good faith, between the Parties' on advice of their respective counsel. *See Leverso v. SouthTrust Bank of Ala.*, 18 F.3d 1527, 1531 & n. 6 (11th Cir. 1994) (listing the considerations for approving an FLSA settlement). All parties have found the settlement to be fair and reasonable. *See id.*

The Parties have agreed to keep the terms of the Settlement Agreement confidential considering Plaintiff's FMLA and Rehabilitation Act claims predominate. The confidentiality of the Settlement Agreement, representative of all three claims asserted by Plaintiff, was a key factor in the parties' good faith efforts to resolve this matter early on and very shortly after the Defendants made an initial appearance. Indeed, courts have recognized that "confidentiality is often an important element in successful settlements." *Perez v. Carey Intern., Inc.*, 2008 WL 4490750, *6 (S.D. Fla. Sept. 26, 2008); *Brumley v. Camin Cargo Control, Inc.*, 2012 WL 300583, *2

3

(D.N.J. Feb. 1, 2012) ("the Court finds that protecting the confidentiality of settlement agreements alone may be a valid public interest"); *Hasbrouk v. BankAmerica Housing Services*, 187 F.R.D. 453, 458 (N.D. N.Y. 1999) ("protecting the confidentiality of the settlement agreement promotes the important public policy of encouraging settlements…..confidentiality is an important corollary without which many lawsuit would remain unsettled"); *SEC v. Thrasher*, 1995 WL 552719, *1 (S.D. N.Y. Sept. 18, 1995) ("settlement discussions are typically treated as confidential, since their disclosure may impact on the parties' interests, either in business affairs or in ongoing litigation. The threat of disclosure would put a serious crimp in such discussions, since candor would likely give way to extreme caution in making disclosures that are often vital to the success of such negotiations.").

### *The Settlement Promotes*
### *Implementation Of The FLSA In The Workplace*

Defendants assert that there is no evidence of any history of FLSA non-compliance by them. Moreover, although Defendants admit no wrongdoing, paying the amount agreed upon in the Settlement Agreement will certainly ensure future compliance by the Defendants with its FLSA obligations.

Under these circumstances, the Settlement Agreement furthers implementation of the FLSA in the workplace.

4

## CONCLUSION

For the foregoing reasons, the Parties respectfully request that this Court review and approve their Settlement Agreement and General Release of all claims.  For the Court's convenience, a proposed order granting the Parties' Motion is attached.

## LOCAL RULE 7.1(D) CERTIFICATION

The undersigned hereby certify that this brief has been prepared using Century Schoolbook 13 point font in compliance with LR 5.1(C).

Respectfully submitted this 31st day of October, 2014

| /s/ W. Christopher Arbery | /s/ Natasha L. Wilson |
|---|---|
| (by Natasha L. Wilson with express permission)<br>W. Christopher Arbery<br>Georgia Bar No. 021010<br>Email: carbery@hagllp.com<br><br>HALL, ARBERY, GILLIGAN, ROBERTS & SHANLEVER LLP<br>3340 Peachtree Road, NE, Suite 1900<br>Telephone: (404) 442-8778<br>Facsimile: (404) 537-5555<br><br>Attorney for Plaintiff *Cedric Taylor* | GREENBERG TRAURIG, LLP<br>Terminus 200<br>3333 Piedmont Road, NE, Suite 2500<br>Atlanta, Georgia 30305<br><br>Natasha L. Wilson<br>Georgia Bar No. 371233<br>Tel. (678) 553-2182<br>Fax. (678) 553-2183<br>*WilsonN@gtlaw.com*<br><br>Keshia M. Tiemann<br>Georgia Bar No. 751051<br>Tel. (678) 553-2153<br>Fax. (678) 553-2154<br>*TiemannK@gtlaw.com*<br><br>Attorneys for Defendants<br>*Quality Living Services, Inc., Quality Gardens Facility, Inc., QLS Gardens, Inc., QLS Haven Ltd., QLS Villas, Inc., QLS Acres, Inc. d/b/a QLS Meadows, and Irene Richardson* |

6

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **CEDRIC TAYLOR, individually and on behalf of all similarly situated persons,** ) ) ) ) ) | |
| **Plaintiff,** ) ) | **Case No. 1:14-cv-01156-AT** |
| **v.** ) ) | |
| **QUALITY LIVING SERVICES, INC., QLS GARDENS FACILITY, INC., QLS GARDENS, INC., QLS HAVEN LTD., QLS VILLAS, INC., QLS ACRES, INC. d/b/a QLS Meadows, and IRENE RICHARDSON,** ) ) ) ) ) ) | |
| **Defendants.** | |

## CERTIFICATE OF SERVICE

     This is to certify that on this date, I have filed a true and correct copy of the foregoing **JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND GENERAL RELEASE AND STIPULATION OF DISMISSAL WITH PREJUDICE** with the Clerk of the Court using the CM/ECF system, and served a copy of same on counsel of record identified via Notices of Electronic Filing generated by CM/ECF:

W. Christopher Arbery
Hall, Arbery, Gilligan, Roberts & Shanlever LLP
3340 Peachtree Road, NE, Suite 1900
Atlanta, Georgia 30326

This 31st day of October, 2014.

                           */s/ Natasha L. Wilson*
                           Counsel for Defendants

ATL 20227175v1